IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| PAUL BERGERSEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 05-1044-JTM |
| | ) | |
| SHELTER INSURANCE COMPANIES, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

Before the Court is Plaintiff's Motion for Extension of Time of Discovery (Doc. 50), seeking a thirty day extension of the discovery deadline in this case.[1] Defendant responded, opposing the motion for lack of good cause shown. (Doc. 51.) The Court ruled on this motion at a telephone pretrial conference held on November 2, 2005, and this Order merely formalizes that ruling.

**BACKGROUND**

Plaintiff filed this suit against Defendant, his former employer, for retaliatory discharge, conversion, and defamation. Plaintiff generally alleges that he was terminated after he reported Defendant to the Kansas Insurance

---

[1] Plaintiff requests a thirty day extension of the October 14th deadline, but prays for an extension to November 28, 2005, which is forty-five days. The Court's holding makes this issue moot.

Commissioner's Office for allegedly discriminating against Hispanics in its underwriting practices.  Plaintiff alleges that some of his property was illegally converted by Defendant in connection with Defendant's closure of its Garden City Office, where Plaintiff worked, at the time of Plaintiff's termination.  Plaintiff further alleges that Defendant, upon reopening its Garden City office, has disseminated information that was intended to and has damaged Plaintiff's reputation in that community.  Defendant generally denies the allegations.

Pursuant to the Scheduling Order (Doc. 9), discovery in the case was scheduled to close on October 14, 2005.  Plaintiff filed this motion to extend the discovery deadline, offering two reasons as justification for such extension.

First, Plaintiff argues that the additional time is required to allow Defendant to respond to an untimely discovery request that Plaintiff served on the eve of the discovery deadline.  Plaintiff states that Defendant participated in an administrative hearing on September 27 and 28, 2005, where it was allowed to present evidence to show cause why the Kansas Insurance Department should not refer Plaintiff's allegations of discrimination in underwriting to the U.S. Attorney's Office for prosecution.  At that hearing, Defendant requested and received permission to present additional evidence to the Kansas Insurance Department within thirty days. On October 13, 2005, Plaintiff served Defendant with a request for production,

seeking "each and every document created by you . . . relating in any way to any allegations of profiling or discrimination by Plaintiff which you prepared for any representative of the Kansas Insurance Department." (Doc. 51, Ex. 1 at 1.)

Second, Plaintiff argues that additional time is required to enable counsel to confer and try to resolve disputes relating to discovery responses provided by Defendant on October 12, 2005, just two days prior to the close of discovery.

Defendant responds that the Court should not extend the discovery deadline because the Plaintiff's October 13 discovery request is untimely, duplicative, and has already been answered.[2] Defendant further argues that the discovery deadline does not need to be extended for the parties to confer about Defendant's responses to Plaintiff's First Request for Production. Defendant notes that counsel in this case may confer and, if the parties are unable to settle their disputes through such conferral, Plaintiff may file a motion to compel pursuant to Fed. R. Civ. P. 37(a) without extending the discovery deadline.

## DISCUSSION

Fed. R. Civ. P. 16(b) provides that the Scheduling Order "shall not be modified except upon a showing of good cause and by leave of the . . . magistrate

---

[2] Defendant notes that Plaintiff's First Request for Production contained a request, number 11, that was materially identical to the request at issue here. Defendant argues that it already complied with request number 11.

judge." To establish "good cause" the moving party must show that the scheduling order's deadline could not have been met with diligence. ***Denmon***, 151 F.R.D. at 407. Lack of prejudice to the nonmovant does not establish good cause. ***Deghand v. WalMart Stores, Inc.***, 904 F.Supp. 1218, 1220 (D. Kan. 1995). Authority to extend discovery is within the sound discretion of the trial court. ***Smith v. U.S.***, 834 F.2d 166, 169 (10th Cir. 1987).

Here, the Court agrees with Defendant that an extension of the discovery deadline to allow counsel to confer regarding discovery responses that were served by Defendant prior to the expiration of the discovery deadline is not warranted. D. Kan. Rule 37.1 provides that motions to compel discovery responses must be filed within thirty days from the date that discovery responses were served. Counsel may confer and Plaintiff may file a timely motion to compel without an extension of the discovery deadline.

With respect to Plaintiff's October 13 request for production of documents submitted by Defendant to the Kansas Insurance Department, during the hearing on November 2 Defendant's counsel represented that it would produce any non-privileged documents that either have already been submitted to the department or that will be submitted by Defendant in the future. There is no reason to extend the discovery deadline as to the production of those documents.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Extension of Time of Discovery is DENIED for the reasons stated during the November 2, 2005, hearing and this Order.

Dated at Wichita, Kansas on this 2nd day of November, 2005.

                                                   s/ Donald W. Bostwick
                                                 DONALD W. BOSTWICK
                                                 United States Magistrate Judge