# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| PAUL BERGERSEN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>SHELTER MUTUAL INSURANCE )<br>COMPANY, *et al.*, )<br>)<br>Defendants. )<br>_____ ) | Case No. 05-1044-JTM-DWB |

## MEMORANDUM AND ORDER

Before the Court is plaintiff Paul Bergersen's Motion to Compel Discovery (Doc. 62), seeking to "compel the defendants to provide complete Answers and Responses to certain Interrogatories and Requests for Production of Documents and for sanctions." (Doc. 62 at 1). Defendant filed a response, (Doc. 66), arguing that plaintiff's motion was untimely and that Plaintiff's complaints regarding Defendants' discovery responses are "baseless." Plaintiff did not file a reply.

## BACKGROUND

This is a lawsuit consisting of claims related to the allegedly wrongful termination of Plaintiff's employment by Defendants. Plaintiff claims retaliatory discharge, conversion, and defamation. He alleges that he was placed on probation and subsequently terminated after reporting to the Kansas Department of Insurance

his beliefs that Defendants used "discriminatory underwriting practices which made it much more difficult, if not impossible, for individuals of Hispanic origin" to purchase insurance from Defendants.  Plaintiff further alleges that some of his property was illegally converted by Defendants in connection with Defendants' closure of the office in which Plaintiff worked.  Plaintiff further alleges that Defendants, upon reopening that office, disseminated information that was intended to damage, and has damaged, Plaintiff's reputation in the community.  Defendants generally deny the allegations.

Pursuant to the April 14, 2005, Scheduling Order (Doc. 9), discovery was scheduled to close on October 14, 2005.  Plaintiff served the discovery requests that are the subject of the present motion on September 8, 2005.  (Docs. 40-42.)  Defendants timely served their responses on October 11, 2005.  (Doc. 45.)  Plaintiff then served additional discovery requests on Defendants on October 13, 2005 (Docs. 46-49), followed by a motion to extend the discovery deadline filed on October 14, 2005 (Doc. 50).  This Court denied that motion to extend on November 2, 2005.  (Doc. 54.)  Plaintiff then filed the present motion to compel on November 30, 2005, fifty (50) days after Defendants submitted their discovery responses to Plaintiff.  (Doc. 62.)

## DISCUSSION

Plaintiff makes various objections to Defendants' responses to his interrogatories and requests for production. Plaintiff's main complaint is that Defendants responded to Interrogatories 6, 10, 13, 14, 17, 22, 23 and Requests for Production 4, 6, 7, 8, 12, 16, and 17, at least in part, by stating that responsive documents have been, or will be, produced.

Defendants have provided Plaintiff with three CDs containing a total of 7,253 documents which, according to Plaintiff, are not "kept in any perceivable sequential order." (Doc. 62 at 7.) Plaintiff argues that this does not comply with Fed.R.Civ.P. 34(b), which requires a party producing documents for inspection to produce them "as they are kept in the usual course of business or...organize and label them to correspond with the categories in the request." This provision was specifically designed to prevent parties from "deliberately...mix[ing] critical documents with others in the hope of obscuring significance." *See* Advisory Committee Note for 1980 Amendment to Rule 34 (quoting Report of the Special Committee for the Study of Discovery Abuse, Section of Litigation of the American Bar Association (1977)).

Despite the fact Defendants had the documents scanned onto computer disc,

Defendants contend that they were "produced as they are kept in the usual course of business." (Doc. 66 at 9.) Defendants repeatedly contend that they have produced all requested documents and "are therefore under no obligation to specifically identify any such documents" or "to provide a directory of those documents" produced. (Doc. 66 at 5, 7, 9.)

The Federal Rules do not define what it means to produce documents "as they are kept in the usual course of business" and there is a dearth of relevant case law. This District Court, however, has addressed the issue previously, holding that

> a party who chooses the 34(b) option to produce documents as they are kept in the ordinary course of business bears the burden of showing that the documents were in fact produced in that manner. A mere assertion that they were so produced is not sufficient to carry that burden. In addition, merely categorizing the documents produced does not, without some further explanation, satisfy the requirement that they be produced as kept in the usual course of business.

***Cardenas v. Dorel Juvenile Group, Inc.*,** 230 F.R.D. 611, 618 (D.Kan. 2005). Thus, the Court does not accept Defendants' assertion of their duty in this case.

It is clear that the documents produced by Defendants were not produced "as they are kept in the usual course of business." Instead, at least some of the documents were kept as hard-copies, but were then scanned onto a CD for production. When this is done, a receiving party may not be able to determine which specific images comprise a single document or attachments to a document

4

since there are no staples which bind together the scanned images as they would hard copies in a file. Faced with problems such as this, some courts have required a producing party to label, organize or index documents being produced, if doing so is necessary to make the documents usable by the requesting party. *See* Shira A. Scheindlin & Jeffrey Rabkin, *Electronic Discovery in Federal Civil Litigation: Is Rule 34 Up To The Task?,* 41 BOSTON COLL.L. REV. 327, 352-56 (2000) (reviewing cases).

Parties producing documents electronically often enter into agreed orders concerning the protocol to be followed. *See e.g.,* ***Heartland Surgical Specialty Hospital, LLC v. Midwest Division, Inc., et. al.,*** District of Kansas, Case No. 05-2164-MLB at Doc. 198. Those agreements may contain provisions for (1) keying which documents were produced from electronic files and which were scanned from hard-copy files, (2) keeping multi-page documents as a unit, (3) providing source information which identifies, where possible, the custodian of a particular document or set of documents, etc. While the Court has not seen the actual format in which the documents were produced in this case, it appears that none of these types of aids were provided as part of Defendants' document production.

However, notwithstanding the Court's concern regarding the manner in which Defendants responded to Plaintiff's discovery requests, Plaintiff's failure to

file his motion to compel in a timely manner as required by the Scheduling Order and local rules presents the Court with a dilemma.  The Court's Scheduling Order unequivocally states that

> [a]ny motions to compel discovery in compliance with D. Kan. Rules 7.1 and 37.2 shall be filed and served within 30 days of the default or service of the response, answer or objection which is the subject of the motion, unless the time for filing such motion is extended for good cause shown. Otherwise, the objection to the default, response, answer or objection shall be waived.

(Doc. 9 at 6-7.)  As stated previously, Plaintiff did not file a reply to Defendants' response to Plaintiff's motion to compel discovery.  The Court is, therefore, unwilling and unable to surmise what "good cause" may have existed for Plaintiff's failure to file and serve this motion to compel within the requisite 30 days of receiving Defendants' discovery responses.[1]  The Court, therefore, DENIES Plaintiff's motion to compel in its entirety.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Compel (Doc.

---

[1] Plaintiff states that during the pretrial conference "the Court ordered the Plaintiff to file his Motion."  (Doc. 63 at 10.)  First, the Court did not "order" Plaintiff to file a motion to compel.  The Court only noted that if such a motion was forthcoming, the magistrate judge would rule on the motion rather than the district judge, even though the motion would be filed after the pretrial conference.  Second, the pretrial conference was held on November 4, 2005 (Doc. 56, Minute Entry) which was still within the 30 day period following Defendants' service of its discovery responses and objections on October 11, 2005.  A motion filed immediately after the pretrial conference would have been timely under D. Kan. Rule 37.1(b) and the scheduling order.

62) is DENIED.

Dated at Wichita, Kansas on this 13th day of February, 2006.

    s/   Donald W. Bostwick
DONALD W. BOSTWICK
United States Magistrate Judge