IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

PAUL BERGERSEN,

        Plaintiff,

vs.                                         Case No. 05-1044-JTM

SHELTER INSURANCE COMPANIES,

        Defendant.

MEMORANDUM AND ORDER

This matter arises from plaintiff's motion for review of clerk's taxation of costs (Dkt. No. 96). For the following reasons, the court denies plaintiff's motion.

*I. Any Costs:*

Plaintiff first argues that defendant produced documents which were not in a form kept in the usual course of business and, therefore, any costs should be precluded. Plaintiff notes that because of the extraordinary costs and time incurred by plaintiff to decipher defendant's production, plaintiff believes that a reason exists for penalizing the prevailing party and that no costs should be awarded.

Rule 54(d) of the Fed. R. Civ. P. authorizes that "costs shall be allowed as of course to the prevailing party unless the court otherwise directs." The award of costs is within the trial court's discretion. *True Temper Corp. v. CF&I Steel Corp.*, 601 F.2d 495, 509 (10th Cir. 1979). Under the Rule, the court may allow the prevailing party to recover all costs authorized by 28

U.S.C. § 1920 unless there is some reason for penalizing the prevailing party. *Id*. at 509-10. In the present case, however, the court finds that there is no reason to penalize the prevailing party in the awarding of costs.

*II. Videotaping Costs:*

Plaintiff objects to the awarding of costs for videotapes of the plaintiff's deposition in the amounts of $987.70 for Volume I and $952.70 for Volume II. Plaintiff argues that because the videotapes of the plaintiff's deposition were not shown, the costs for videotaping a deposition should not be taxable.

However, the court disagrees with plaintiff. Numerous courts have held that costs associated with video depositions are recoverable if the videotaped deposition was "necessarily obtained for use in the case" as required by 28 U.S.C. § 1920(2). *See Meredith v. Schreiner*, 814 F. Supp. 1004, 1006 (D. Kan. 1993). The court endorses that a stenographic record must be made of any videotape deposition and, therefore, the court believes the better practice is to allow the costs of both videotaped and stenographic depositions, absent a good reason to do so. *Id*. Furthermore, although plaintiff notes that the only use of the deposition was to excerpt parts for defendant's motion for summary judgment, this is a permissible use. *See Merrick v. Northern Natural Gas Co.*, 911 F.2d 426, 434-35 (10th Cir. 1990) (a district court does not abuse its discretion in taxing transcription costs associated with depositions that were "actually utilized by the court in considering [the defendant's] motion for summary judgment."). *See also Gibson v. Greater Park City Co.*, 818 F.2d 722, 725 (10th Cir. 1987) (finding no abuse of discretion in allowing a defendant to recover the costs of several depositions when the court relied on the

depositions in deciding the case). Therefore, the court will allow the awarding of costs for the videotaping.

*III.  Other Costs:*

The Bill of Costs Itemization also included a request for "other costs."  These costs totaled $1894.25, which included itemized categories.  Plaintiff's objection to these charges was that defendant did not explain what was copied, numbered, or scanned.  The court, however, finds that defendant properly included itemized categories for this total, which included:  "Focus Legal Solutions, Copying and scanning of documents to load into Summation database; Focus Legal Solutions, Document numbering and scanning for Summation database; Focus Legal Solutions, Digital reprints from CD; Complex Litigation Support, Imaging and bates numbering of documents; Focus Legal Solutions, Scanning and setup of documents for Summation database; Focus Legal Solutions, Scanning, setup and OCR of documents for Summation database; Focus Legal Solutions, Scanning, numbering and setup for Summation database."  See Dkt. No. 93, Exh. 2, at pg. 1.  Therefore, the court finds that these costs were properly awarded.  For these reasons, plaintiff's motion is denied.

IT IS ACCORDINGLY ORDERED this 14th day of August, 2007, that plaintiff's motion for review of clerk's taxation of costs (Dkt. No. 96) is denied.

s/ J. Thomas Marten  
J. THOMAS MARTEN, JUDGE